IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RAYTORIA MCBRYDE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:13CV445-WKW |
| ) | |
| PUBLIC SUPERMARKET # 1025, ) | |
| ) | |
| Defendant. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On June 24, 2013, plaintiff filed the present action against "Public Supermarket # 1025," along with a motion to proceed *in forma pauperis*. On June 27, 2013, after reviewing both, this court entered an order setting a July 9, 2013, deadline for plaintiff to: (1) pay the civil action filing fee or file a properly completed *in forma pauperis* motion; and (2) file an amended complaint.  The court advised plaintiff that her amended complaint must "compl[y] with Rule 8(a) of Federal Rules of Civil Procedure, including allegations of fact satisfying the requirements for 'a short and plain statement of the grounds for the court's jurisdiction' and 'a short and plain statement of the claim showing that the pleader is entitled to relief'" and, further, that "if she fails to comply with this order, this action may be dismissed. (Doc. # 4).[1]  On August 1, 2013, plaintiff filed an "Amended Complaint." (Doc.

---

[1] The court also advised plaintiff that she must comply with the Federal Rules of Civil Procedure, and of where she can access the rules.  (Doc. # 4, p. 2 n. 1).

# 8).² The amended complaint does not include a jurisdictional statement, nor does it include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Upon consideration of plaintiff's complaint, as amended, the court concludes that plaintiff's federal claims are due to be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)³ for failure to state a claim and that, to the extent plaintiff asserts claims arising under state law, the court should decline to exercise supplemental jurisdiction.

In assessing whether a complaint states a claim for relief, the court does not consider "allegations ... that are merely legal conclusions." American Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1290 (11th Cir. 2010)(citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). Instead, the court considers only the factual allegations to determine whether plaintiff's complaint includes "either direct or inferential allegations respecting all the material elements

---

² On the deadline established by the court, plaintiff filed a new IFP motion (Doc. # 6), but no amended complaint. Accordingly, on July 24, 2013 – two weeks after plaintiff's deadline for amendment – the court ordered plaintiff to show cause, on or before August 1, 2013, "why this action should not be dismissed due to plaintiff's failure to comply with the court's previous order directing her to amend her complaint." (Doc. # 7). The court advised plaintiff that, "if she fails to respond to this order *or to show good cause for her failure to comply with the court's previous order*, this action may be dismissed." (Id.)(emphasis added). Plaintiff then filed an amended complaint, but ignored the court's order directing her to show cause for her failure to comply with the initial order. Thus, plaintiff has not complied with either of the two orders entered by this court. The court had required plaintiff to amend in order to clarify the factual and potential legal bases for plaintiff's claim(s) and to facilitate the its review pursuant to 28 U.S.C. § 1915; it set a deadline in an attempt to manage the progress of this litigation. The court could strike plaintiff's amended complaint for her failure to comply with the court's orders. The undersigned declines to do so because of the plaintiff's status as a *pro se* litigant but – in view of plaintiff's history of noncompliance – also declines to enter an order offering plaintiff yet another opportunity to amend.

³ The statute provides, in pertinent part: "[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal– ... fails to state a claim on which relief may be granted[.]" 28 U.S.C. § 1915(e)(2)(B)(ii).

necessary to sustain a recovery under some viable legal theory." Randall v. Scott, 610 F.3d 701, 707 n. 2 (11th Cir. 2010)(internal quotation marks omitted); see also Bell Atlantic Corp v. Twombly, 550 U.S. 544, 555 (2007).  The complaint must contain adequate allegations of fact to "nudge[] the[] claim across the line from conceivable to plausible." Id, 550 U.S. at 570. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (quoting Rule 8(a)(2))(second alteration in Iqbal).  Although the court construes the *pro se* plaintiff's complaint liberally, it "may not act as *de facto* counsel or 'rewrite an otherwise deficient pleading in order to sustain an action.'" Porter v. Duval County School Bd., 406 Fed. Appx. 460 (11th Cir. 2010)(unpublished opinion; citation omitted).

In her complaint as amended, plaintiff asserts that Public Supermarket # 1025 at 4045 Atlanta Highway in Montgomery, Alabama, discriminated against her on the basis of "the color of [her] skin" when its supervisor, Cherly Black, falsely accused plaintiff of stealing one "Oral B toothbrush refill[]." (Doc # 8, p. 2; Doc. # 1).[4]  Plaintiff alleges that: (1) she entered the defendant store to refill a prescription; (2) after speaking with "them" she left the store to retrieve her money and phone from her friend, who was in the car; (3) she then returned to the pharmacy; (4) she realized that she had some items to return so she went to

---

[4] Again in view of plaintiff's *pro se* status, the court construes plaintiff's amended complaint to include the factual allegations in both her original complaint (Doc. # 1) and her amended complaint (Doc. # 8).  The court here uses Black's first name as plaintiff states it in the amended complaint.

3

her car again and retrieved four Oral-B toothbrush refills; (5) she reentered the store and went to the counter to return the items, but the employees at the counter explained to plaintiff that "it wasn't stated there"; (6) plaintiff left the store; (7) before she reached her car, Black approached plaintiff and her friend and said, "I'm tired of y[']all"[5]; (8) Black asked for plaintiff's friend's receipt and plaintiff's bag and "would not call the police or loss preve[n]tion"; (9) Black told plaintiff that she saw plaintiff take one Oral-B toothbrush refill; (10) Black "reviewed the tape" in the store; (11) Black then returned three of the toothbrush refills to plaintiff and told her to get out of the store; (12) Black refused to allow plaintiff to review the tape and said, very loudly, "Yes I seen you on tape."  (Doc. ## 1, 8).  Plaintiff alleges that Black falsely accused her, discriminated against her, and embarrassed her "in front of a lot of people," that the false allegation harmed plaintiff in her profession as a hairdresser, and that it violated her rights under the constitution.  (Id.).  She seeks an award of damages in the amount of $3.65 million against the defendant.  (Id.).

Section 1983 Claims.  Plaintiff's claims alleging a violation of her constitutional rights – construed as claims brought pursuant to 42 U.S.C. § 1983 – fail to state an actionable claim for relief because plaintiff alleges no facts permitting a reasonable inference of state action.  See Kennedy v. U.S., 478 Fed. Appx. 584, 586 (11th Cir. 2012)(affirming dismissal

---

[5] Plaintiff alleges that Black "stated that I'm tried [sic] of yall [sic] as she was to a known theife[sic] of a black person."  (Doc. # 1, p. 2).  Plaintiff's allegation is unclear, but – construing it broadly – the court understands this sentence to mean that the manager said, "I'm tired of y'all," as if she were speaking to a "known thiefe [sic] of a black person," or to a known thief, or to a black person.  A literal reading of the allegation is nonsensical.

of *pro se* plaintiff's claims alleging violation of her right to due process where she "failed to state that the defendants, who are private parties, had engaged in any state action")(citing National Broadcasting Co., Inc. v. Communications Workers of America, AFL-CIO, 860 F.2d 1022, 1025 (11th Cir. 1988)); Andela v. University of Miami, 461 Fed. Appx. 832 (11th Cir. 2012). Additionally, plaintiff's assertion of liability against "Public Supermarket # 1025" arises entirely from Black's conduct. Even assuming state action, § 1983 liability cannot rest on *respondeat superior*. Monell v. Department of Social Services of the City of New York, 436 U.S. 658, 694 (1978); McDowell v. Brown, 392 F.3d 1283 (11th Cir. 2004). Plaintiff alleges no facts suggesting any other basis for § 1983 liability on the part of the named defendant. Thus, plaintiff's claims asserting a violation of her constitutional rights are due to be dismissed.

Other Federal Discrimination Claims. To the extent that plaintiff contends that defendant denied her equal access to a place of public accommodation because of her race or ethnicity in violation of Title II of the Civil Rights Act of 1964, the claim fails because she alleges no facts suggesting that the defendant is a covered establishment as defined in 42 U.S.C. § 2000a(b). Additionally, plaintiff's allegations of fact are not sufficient, taken as true and drawing reasonable inferences in plaintiff's favor, to state a claim pursuant to 42 U.S.C. § 1981. "The elements of a cause of action under § 1981 are '(1) that the plaintiff is a member of a racial minority; (2) that the defendant intended to discriminate on the basis of race; and (3) that the discrimination concerned one or more of the activities enumerated

in the statute.'" Kinnon v. Arcoub, Gopman & Associates, Inc., 490 F.3d 886, 891 (11th Cir. 2007)(citation and footnote omitted). The facts plaintiff alleges do not give rise to a reasonable inference of the discriminatory intent required for a § 1981 claim. Plaintiff does not allege that she encountered any difficulty or hostility in the pharmacy, and she states that the employee(s) at the counter who refused her attempt to return the toothbrush refills explained to plaintiff that "it wasn't stated there," an allegation that the court understands to mean that an item plaintiff sought to return was not on plaintiff's receipt. (Doc. # 1; see id., p. 2)("... came back to the counter to return them back (which was 4 or 5)[.] They expla[i]ned that it wasn[']t stated there so th[e]n proceed out the door"). Plaintiff's complaint, on its face, reveals that plaintiff had entered and exited the store three times before Black approached her in the parking area. She does not allege that either Black or any other store employee followed her through the store or otherwise behaved in an inappropriate, offensive, or unusual manner during any of these three trips into the store. Plaintiff took the four toothbrush refills with her on her third trip into the store and left again after the store clerks explained that "it wasn[']t stated there[.]" (Doc. # 1). Plaintiff alleges that, after Black took the receipt from plaintiff's friend and the toothbrush refills from plaintiff and reviewed the tape, she kept one of the four toothbrush refills and returned the other three to the plaintiff. (Doc. # 8, p. 2). Plaintiff makes the conclusory allegation that Black "stereotyped" and made an assumption due to "the color of [plaintiff's] skin." (Doc. # 8, p. 1). However, the only *fact* she alleges in support of this conclusion is that Black said, when she approached plaintiff

6

and her friend in the parking area, "I'm t[ir]ed of y[']all." (Doc. # 1, p. 2). As noted above, plaintiff adds, "... as she was to a known theife[sic] of a black person." (Id.; see n. 5, *supra*). Plaintiff does not allege expressly her own race or ethnicity or that of her friend, or that she and her friend are of the same protected group.[6] Even if plaintiff *had* alleged that she and her friend are of the same racial or ethnic group, Black's statement – particularly in view of plaintiff's other allegations of fact – does not give rise to a reasonable inference of discriminatory intent. Plaintiff alleges no other comments or acts by Black or other store employees that suggest racially discriminatory animus. The facts alleged do not give rise to a reasonable inference that – by "y'all" – Black meant plaintiff's particular protected group, rather than shoplifters. While the comment may allow an inference of the "mere possibility of misconduct" on Black's part, plaintiff has not alleged sufficient factual content to show that she is entitled to relief. See Iqbal, 556 U.S. at 679 ("[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'")(citation omitted).

Plaintiff also fails to allege that Black deprived her of a right protected by section 1981. She does not claim that the employees at the counter at which she sought to return the items refused to allow her to do so because of her race, nor does she allege any facts that

---

[6] The court does not here suggest that the protections of § 1981 do not extend to people of all races. See McDonald v. Santa Fe Trail Transp. Co., 427 U.S. 273, 295 (1976)(concluding that § 1981 protects the rights of persons of every race); Saint Francis College v. Al-Khazraji, 481 U.S. 604, 613 (1987)(Congress intended § 1981 "to protect from discrimination identifiable classes of persons who are subjected to intentional discrimination solely because of their ancestry or ethnic characteristics").

would permit a reasonable inference that this is so. Plaintiff does not allege that she was prevented from completing her prescription medication transaction at the pharmacy. Also, while she alleges that Black told her to get out of the store, plaintiff does not suggest that she intended to or attempted to enter into another transaction in the store and was prevented from doing so. Thus, plaintiff has not alleged facts sufficient to permit a reasonable conclusion that Black's conduct in wrongly accusing her of stealing – conduct that did not occur until after plaintiff had left the store for the third time – denied her the right to "make and enforce" a contract, as defined in the statute. 42 U.S.C. § 1981(a), (b); see Kinnon, 490 F.3d at 892 ("Section 1981 does not provide a general cause of action for all racial harassment that occurs during the contracting process. Rather, 'in the retail context, the plaintiff must demonstrate the loss of an actual ... contract interest.'")(citations omitted). Plaintiff § 1981 claim fails for this additional reason.

Claims arising under State Law. Plaintiff's complaint, as amended, does not allege facts sufficient to support this court's exercise of diversity jurisdiction under 28 U.S.C. § 1332. Thus, to the extent plaintiff asserts a claim of defamation or any other claims arising under Alabama law, this court's power to adjudicate such claims rests on 28 U.S.C. § 1367. Because plaintiff's federal claims are due to be dismissed, this court should decline to exercise supplemental jurisdiction over plaintiff's state law claims and dismiss them without prejudice so that plaintiff may pursue them, if she chooses to do so, in state court. See Marshall v. Washington, 487 Fed. Appx. 523, 526-27 (11th Cir. 2012)(finding no error in

declining to exercise supplemental jurisdiction after dismissal of federal claims, where the complaint failed to allege facts sufficient to demonstrate the existence of diversity jurisdiction).

## CONCLUSION

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that: (1) plaintiff's federal claims be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim; and (2) the court exercise its discretion to decline to exercise supplemental jurisdiction over plaintiff's state law claims.

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve a copy on the parties to this action. The parties are DIRECTED to file any objections to this Recommendation on or before August 26, 2013. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. Resolution Trust Co. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993); Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 12th day of August, 2013.

                                              /s/ Susan Russ Walker
                                              SUSAN RUSS WALKER
                                              CHIEF UNITED STATES MAGISTRATE JUDGE