IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RAYTORIA MCBRYDE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:13-CV-445-WKW |
| | ) |
| PUBLIX SUPERMARKET, | ) |
| | ) |
| Defendant. | ) |

**<u>ORDER</u>**

On August 12, 2013, the Magistrate Judge recommended (Doc. # 9) dismissal of Plaintiff's complaint prior to service of process because the action "fails to state a claim on which relief may be granted." *See* 28 U.S.C. § 1915(e)(2)(B)(ii) (requiring dismissal of such claims). The Magistrate Judge liberally construed Plaintiff's suit to allege violations of rights guaranteed Plaintiff by the United States Constitution, federal statutory law, and state law. Despite that liberal construction, Plaintiff's claims fail to satisfy the requirement of Rule 8 of a jurisdictional statement and a short and plain statement of entitlement to relief. Fed. R. Civ. P. 8(a). Plaintiff's objection does not undermine the conclusion that she fails to state a claim upon which relief can be granted, and *de novo* review of the record confirms it.

First, in her objection, Plaintiff argues the court has jurisdiction under 28 U.S.C. § 1331 because her claims against Defendant Publix Supermarket arise under the

United States Constitution and federal statutory law.  As the Magistrate Judge correctly observes, however, Plaintiff alleges no state action to support a claim under 42 U.S.C. § 1983.  For the first time, Plaintiff alleges in her objection that a Publix employee said to her, "I'm tired of yall Black People." (Doc. # 10).[1]  But Plaintiff still does not state a claim upon which relief can be granted under 42 U.S.C. § 1981 because she has alleged no facts that suggest any Publix employee deprived her of a right protected by § 1981.  To establish a deprivation of § 1981 rights "in the retail context, the plaintiff must demonstrate the loss of an actual contractual interest." *Lopez v. Target Corp.*, 676 F.3d 1230, 1234 (11th Cir. 2012) (internal quotations omitted).  Plaintiff has not alleged any Publix employee actually denied her "the ability to make, perform, enforce, modify, or terminate a contract."  *See id.* (listing means of alleging loss of an actual contractual interest) (internal alterations and quotations omitted).

      Second, Plaintiff's assertion in her objection that the court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 fails.  Though the amount sought by Plaintiff satisfies § 1332's amount in controversy requirement, there are no allegations

---

[1] The court will assume for the sake of argument that it may consider this new factual allegation in reviewing the Magistrate Judge's Recommendation.  *But see Dryer v. Roberts*, No. 1:05-CV-161 (WLS), 2007 WL 2683744, at *1 (M.D. Ga. Sept. 7, 2007) ("[T]he filing of additional or new evidence is not appropriate in an objection to a Magistrate Judge's recommendation.").

of any party's citizenship to support the exercise of diversity jurisdiction. Thus, after a *de novo* review of the Magistrate Judge's recommendation and Plaintiff's objection, it is ORDERED that Plaintiff's objection (Doc. # 10) is OVERRULED and the Recommendation of the Magistrate Judge is ADOPTED. Plaintiff's federal law claims are DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim, and Plaintiff's state law claims are DISMISSED without prejudice pursuant to 28 U.S.C. § 1367(c)(3), as they have no independent jurisdictional basis.

DONE this 28th day of August, 2013.

/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE